UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JONATHON WILLIAM-DURAND NEUHARD,

    Defendant.
_____/

Case No. 2:15-cr-20425

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

**ORDER GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW AND FOR APPOINTMENT OF NEW COUNSEL [43]**

On June 26, 2015, Defendant Jonathon William-Durand Neuhard was charged with production and possession of child pornography, in violation of 18 U.S.C. §§ 2251, 2252A(a)(5)(B). Dkt. No. 1. The Court denied Defendant's Motion to Suppress Evidence, Dkt. No. 28, on February 25, 2016. *See* Dkt. No. 42. Presently before the Court is Defense Counsel's Motion To Withdraw And For Appointment Of New Counsel [43], filed on March 1, 2016. The Government has not filed a response in opposition to the motion.

Frank D. Eaman and Suzan Gabbara serve as defense counsel for Defendant and provide several grounds for their withdrawal. First, Eaman and Gabbara note that they were retained by Defendant's parents, although Defendant himself was

indigent and would have qualified for appointed counsel. Dkt. No. 43, p. 1 (Pg. ID No. 176). As such, Defendant's parents are under no legal obligation to pay Defendant's attorney fees and are currently experiencing financial hardship in paying for defense counsel's work. *Id*. at 1–2. The amount of attorney fees outstanding for work already performed totals more than $5,000. *Id*. at 2. Defendant and his parents have consented to defense counsel's withdrawal, due to their inability to pay attorney fees. *Id*.

Second, Eaman is retiring from trial practice and Gabbara is not experienced at federal trials. *Id*. They argue that due to Eaman's retirement and Gabbara's inexperience, they would not be able to provide Defendant with effective assistance of counsel, as required under the Sixth Amendment of the United States Constitution. *Id*. at 2–3.

And third, Eaman and Gabbara note that they previously advised Defendant that they would be withdrawing after the Court rendered a decision on the Motion to Suppress Evidence, if that motion was denied. *Id*. at 3–4. They state that Defendant does not object to their withdrawal and to appointment of counsel for his defense, and that Defendant will continue to cooperate completely with any counsel appointed to him. *Id*.

Upon review of the briefing, the Court concludes that oral argument will not aid in the resolution of the instant motion. Accordingly, the Court will resolve

defense counsel's present motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2). The Court, being fully advised of the reasons for the present motion, **HEREBY GRANTS** defense counsel's request [43].

**IT IS FURTHER ORDERED** that Defendant make a specific application for the appointment of counsel.

**IT IS FURTHER ORDERED** that the Federal Defender is appointed to represent Defendant in this case, pending Defendant's qualification for the appointment of counsel under the Criminal Justice Act.

IT IS SO ORDERED.

Dated: March 22, 2016

                                                                        s/Gershwin A Drain
                                                                       HON. GERSHWIN A. DRAIN
                                                                       United States District Court Judge