UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

U<small>NITED</small> S<small>TATES OF</small> A<small>MERICA</small>,

Plaintiffs,

v.

J<small>ONATHON</small> W<small>ILLIAM</small>-D<small>URAND</small> N<small>EUHARD</small>,

Defendant.
_____/

Case No. 15-cr-20425

U<small>NITED</small> S<small>TATES</small> D<small>ISTRICT</small> C<small>OURT</small> J<small>UDGE</small>
G<small>ERSHWIN</small> A. D<small>RAIN</small>

U<small>NITED</small> S<small>TATES</small> M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

**O<small>RDER</small> D<small>ENYING</small> G<small>OVERNMENT'S</small> M<small>OTION</small> *<small>IN</small> L<small>IMINE</small>* <small>TO</small> A<small>LLOW</small> C<small>ANINE</small> A<small>DVOCATE TO</small> A<small>CCOMPANY</small> M<small>INOR</small> V<small>ICTIMS AT</small> T<small>RIAL</small> [99], D<small>ENYING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> O<small>RDER FOR</small> *<small>IN</small> C<small>AMERA</small>* I<small>NSPECTION OF</small> N<small>ON</small>-P<small>UBLIC</small> C<small>OURT</small> F<small>ILES</small> [103], D<small>ENYING</small> D<small>EFENDANT'S</small> M<small>OTION</small> *<small>IN</small> L<small>IMINE</small>* <small>TO</small> E<small>XCLUDE</small> I<small>NFLATABLE</small> P<small>LASTIC</small> D<small>OLL</small> [106], <small>AND</small> A<small>DJOURNING</small> D<small>ECISION ON</small> D<small>EFENDANT'S</small> M<small>OTIONS TO</small> A<small>MEND</small>/C<small>ORRECT</small> W<small>ITNESS</small> L<small>IST</small> [108, 110]**

On March 13, 2016, the Court held a hearing to resolve five outstanding motions prior to the beginning of trial. The Court indicated its rulings on the record during the hearing, and noted this short order would follow to further explain the Court's rulings.

**A. Government's Motion *in Limine* as to Use of a Canine Advocate**

On February 22, 2017, the Government filed a motion seeking to allow a canine advocate to accompany the minor victims while they testified at trial. Dkt. No. 99. At the hearing on March 13, 2017, the Court denied the Government's motion.

-1-

As child victims of sexual abuse, MV-1 and MV-2 may properly seek protections and rights offered by 18 U.S.C. § 3509. The section, titled "Child Victims' and Child Witnesses' Rights," offers various tools to lessen the potential harm a child may suffer while testifying at trial. *Id*. A child's testimony may be taken by a two-way closed circuit television, 18 U.S.C. § 3509(b)(1), or by video deposition prior to trial, 18 U.S.C. § 3509(b)(2). The Court may order that the courtroom be closed to all persons, including members of the press, who do not have a direct interest in the case if requiring the child to testify in open court would cause substantial psychological harm to the child or would result in the child's inability to effectively communicate. 18 U.S.C. § 3509(e). Most analogous to the present motion is that a child testifying has the right to be accompanied by an adult attendant to provide emotional support to the child. 18 U.S.C. § 3509(i). The Court may allow the adult attendant to remain in close physical proximity or in physical contact with the child while she testifies. *Id*. The attendant may not answer questions directed to the child or otherwise prompt the child. *Id*. Where an adult attendant accompanies a child witness during trial testimony or deposition, the image of the attendant is to be recorded on videotape. *Id*.

Section 3509 does not provide for a support animal to accompany a child in addition to the adult attendant. The Government has not provided any precedent where another federal court has allowed a support animal to accompany a witness

at trial. Further, MV-1 and MV-2 have been able to previously testify—albeit in a closed courtroom during preliminary examination—without assistance. The Government has not pled facts that indicate that MV-1 and MV-2 will be unable to testify in the absence of a support animal.

This Court has previously analyzed this issue in the context of an adult witness and noted the strong support in state courts for allowing a support animal. *See United States v. Gardner*, No. 16-CR-20135, 2016 WL 5404207 at *7–8 (E.D. Mich. Sept. 28, 2016) (collecting cases where support dogs have been allowed to accompany witnesses in criminal trials). Although the facts here are more persuasive than those in *Gardner*, the Government has not shown that a support animal is supported by statute or federal case law. Accordingly, the Government's motion is denied.

Although the Court will not allow a support animal to be present in the courtroom during the minor victims' testimonies in front of the jury, the Government may bring the canine into the building to assist the witnesses before their testimony, during breaks, and after their testimony has concluded. The canine may be present in the hallway outside of the courtroom or in the attorney conference room being used by the Government.

**B. Defendant's Motion for Order for *In Camera* Inspection of Court Files**

On March 7, 2017, Defendant filed a motion seeking a court order for *in camera* inspection of non-public court files. Dkt. No. 103. At the hearing on March 13, 2017, the Court denied Defendant's motion.

The Government objected to Defendant's request for the non-public court files, and to any admission of the personal protection order or the contents therein. Dkt. No. 105. Based on review of the filings and oral argument, Defendant has not established that the court files, the protection order, or the allegations of abuse or drug use by non-victims in the years prior to the crimes charged are relevant. *See* FED. R. EVID. 401. Furthermore, the probative value of these matters is substantially outweighed by their prejudicial nature. *See* Fed. R. Evid. 403. Thus, the Court denies Defendant's motion as to the court files, personal protection order, and the allegations made within that order.

**C. Defendant's Motion *in Limine* to Exclude Inflatable Plastic Doll**

On March 10, 2017, Defendant filed a motion seeking to exclude admission of an inflatable plastic doll into evidence during trial. Dkt. No. 108. At the hearing on March 13, 2017, the Court denied Defendant's motion.

The Government argues that the inflatable doll is admissible because erotica and adult toys relating to sexual offenses against children indicate motive, intent,

and lack of mistake as to a sexual interest in children. *See* Dkt. No. 109. Here, the inflatable doll is argued to be "child-sized," lacking in pubic hair or coloring thereof in the genital area, and having "breast buds" of a developing child. *See id*. at 2.

Based on the parties' oral argument and pleadings, the Court finds that the doll is admissible because the charges are sexual in nature. The Government cited authority in support of its argument, while the Defendant did not. Accordingly, because of the serious relevance and probative value of the doll exceeds its prejudicial effect, the Court denies Defendant's motion.

**D. Defendant's Motions to Amend/Correct His Witness Lists**

On March 11 and 12, 2017, Defendant filed two motions seeking to amend/correct his witness list to include two new witnesses. Dkt. Nos. 108, 110. As discussed at the March 13, 2017 hearing, the Court will postpone ruling on Defendant's new witnesses until after the Government closes its case at trial. At that point, the relevancy of the proposed witness testimony will be assessed and the Government can determine if it needs further witnesses to rebut the potential defense witnesses' testimonies.

**IT IS HEREBY ORDERED** that the Government's Motion *in Limine* to Allow Canine Advocate to Accompany Minor Victims *at* Trial [99] is **DENIED**.

-6-

**IT IS FURTHER ORDERED** that Defendant's Motion for Order for *In Camera* Inspection of Non-Public Court Files [103] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* to Exclude Inflatable Plastic Doll [106] is **DENIED**.

**IT IS FURTHER ORDERED** that a ruling on Defendant's Motions to Amend/Correct Witness List [108, 110] is **ADJOURNED** to the close of the Government's case in chief.

Dated:      March 14, 2017

/s/Gershwin A Drain
HON. GERSHWIN A. DRAIN
United States District Court Judge