UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiffs,

v.

JONATHON WILLIAM-DURAND NEUHARD,

    Defendant.
_____/

Case No. 15-cr-20425

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
DAVID R. GRAND

## **OPINION AND ORDER GRANTING GOVERNMENT'S REQUEST FOR RESTITUTION [155]**

### I. Introduction

On July 9, 2015, Defendant Jonathon William-Durand Neuhard was indicted and charged with the following: (1) production of child pornography, 18 U.S.C. § 2251(a); (2) receipt of child pornography, 18 U.S.C. § 2252A(a)(2); and (3) possession of child pornography, 18 U.S.C. § 2252A(a)(5)(B). *See* Dkt. No. 12. After trial, he was convicted on all three counts. Dkt. No. 145, p. 1 (Pg. ID 1365). On November 6, 2017, the Court sentenced him to periods of incarceration. *Id.* at p. 2 (Pg. ID 1366). Specifically, he was sentenced to 420 months on the production count, 240 months on the receipt count, and 120 months on the possession count. *Id.* All sentences to run concurrent with each other. *Id.*

On January 19, 2018, the Government filed a brief detailing its position on restitution. Dkt. No. 155. The Government submitted a supplemental brief in further support of its position on March 9, 2018. Dkt. No. 159. Also on March 9, 2018, Neuhard briefed his position on restitution. Dkt. No. 160. Then, on March 15, 2018, the Court heard oral argument on this issue.

Presently before the Court is the Government's request for restitution in this matter. Dkt. No. 155. The request is sufficiently briefed. For the foregoing reasons, the Court will GRANT the Government's request for restitution. Accordingly, the eldest of the two victims here (hereinafter "Minor Victim One" or "MV-1") is entitled to $40,356.00 for therapy and related costs.

## II. Discussion

The Government requests $40,356.00 in restitution for only Minor Victim One. This sum is intended to cover the cost of individual and family therapy (and related transportation costs) for the next six years, i.e. through the time Minor Victim One turns eighteen years old. The Court will find that the Government has proven the amount of Minor Victim One's loss by a preponderance of the evidence. Thus, the Court will GRANT the Government's restitution request. *See* Dkt. No. 155.

### A. Restitution Request

All agree MV-1 is entitled to restitution and that she is a "victim" under the Mandatory Restitution for Sexual Exploitation of Children Act, 18 U.S.C. § 2259.

They disagree on only one issue: whether Neuhard's conviction offenses proximately caused a need for MV-1 to attend family therapy sessions, especially considering that therapy may address supposed conflicts amongst MV-1's family that had arisen before Neuhard's unlawful conduct. Because the Court will find the Government has proven proximate cause, the Court will grant the Government's request for restitution.

The Act, 18 U.S.C. § 2259(a), "provides that a district court 'shall order restitution for any offense' under Chapter 110 of Title 18, which covers a number of offenses involving the sexual exploitation of children and child pornography in particular." *United States v. Paroline*, 134 S. Ct. 1710, 1718 (2014). All of Neuhard's conviction offenses fall under Chapter 110 of Title 18. *See* Dkt. No. 145, p. 1 (Pg. ID 1365).

And in instructing district courts on how to set restitution for such offenses, the Act states "a broad restitutionary purpose." *Paroline*, 134 S. Ct. at 1718. Specifically, "[i]t requires district courts to order defendants 'to pay the victim . . . the full amount of the victim's losses as determined by the court,' § 2259(b)(1), and expressly states that '[t]he issuance of a restitution order under this section is mandatory,' § 2259(b)(4)(A)." *Id.* at 1718–19. In turn, the Act mandates that the Government show—by a preponderance of the evidence—"the amount of the loss sustained by a victim as a result of the offense." 18 U.S.C. § 3664(e).

Notably, restitution "is permissible only to the extent the defendant's offense proximately caused a victim's losses." *Paroline*, 134 S. Ct. at 1722. "For harms to be 'proximately' caused by the criminal conduct, they must be 'reasonably foreseeable.' " *United States v. Gamble*, 709 F.3d 541, 549 (6th Cir. 2013) (citing *United States v. Evers*, 669 F.3d 645, 659 (6th Cir. 2012)).

For example, finding proximate cause lacking, the Sixth Circuit determined a minor child's legal guardian could not recover childcare costs. *Evers*, 669 F.3d at 659–60.[1] These costs were not recoverable because the defendant was providing free childcare services, and the loss of his services generated the childcare costs. *Id.* at 660. Conversely, the guardian was able to recover wages lost because of his attendance at court proceedings in the matter. The Sixth Circuit determined "[i]t is reasonably foreseeable that the parent or guardian of a minor victim of sexual exploitation will attend proceedings related to the prosecution of the case and, as a consequence, miss work." *Id.* at 559 (citing *United States v. Searle*, 65 F. App'x 343, 345–46 (2d Cir. 2003)). Proximate cause is likewise present where "a child pornography victim suffers very unusual psychosomatic injuries as a result of

---

[1] In *Paroline*, the Supreme Court concluded that, to obtain restitution, the Act mandated a showing of proximate cause. 134 S. Ct. at 1722. Although decided before *Paroline*, the Sixth Circuit reached the same conclusion in *Evers*. 669 F.3d at 657–59. Thus, *Evers* is consistent with Supreme Court precedent.

knowing that her mistreatment and humiliation are being viewed by others." *Gamble*, 709 F.3d at 550.

Neuhard contends proximate cause is absent here because Minor Victim One's therapist has not explained how "family counseling" relates to the Defendant's conviction offenses. Dkt. No. 160, pp. 1–2 (Pg. ID 1591–92). Yet if "very unusual psychosomatic injuries" resulting from a defendant's conduct can satisfy proximate cause, then certainly family issues arising from sexual abuse can meet this test. Family issues, of course, are not unusual, and they can be particularly acute when an incident of sexual abuse has occurred. Indeed, the Government cites an article—published in a peer-reviewed medical journal—that details how sexual abuse victims are negatively impacted by that abuse, including through higher incidences of family problems as compared to the general population. *See* Dkt. No. 159-3, pp. 5–6 (Pg. ID 1586–87). It is likely, then, that Neuhard's abuse of MV-1 will harm her family relationships, including by exacerbating any problems present prior to his illegal conduct.

Neuhard's focus on past issues with MV-1's family is unpersuasive. It is well-settled that defendants take victims as they find them. *See, e.g., Meyers v. Wal-Mart Stores, East, Inc.*, 257 F.3d 625, 632 (6th Cir. 2001) (noting "the classic textbook example" involving the eggshell skull plaintiff, "where the tortfeasor must take the injured party as it finds him, and is liable for the full extent of the harm caused by

5

its negligence, even if a more 'normal' plaintiff would not have suffered nearly as much." (citing W. Page Keeton et al., PROSSER AND KEETON ON THE LAW OF TORTS § 43 at 291–92 (5th ed. 1984))). Therefore, proximate cause exists in this case, regardless of whether Minor Victim One's loss is greater than that of a "normal" person in her situation.

Finally, to the extent Neuhard argues therapy sessions will address topics not proximately caused by his conduct, this argument fails. It is speculative. Therefore, the Government has satisfied its burden to prove by a preponderance of the evidence that Neuhard's conviction offenses proximately caused MV-1's need for the requested restitution.

## III. Conclusion

On January 19, 2018, the Government first outlined its position on restitution. Dkt. No. 155. The Defendant responded to the Government's arguments on March 9, 2018, and the Court held a hearing on this issue on March 15, 2018. *See* Dkt. No. 160. For the above-stated reasons, the Court will GRANT the Government's restitution request. *See* Dkt. No. 155. Accordingly, Minor Victim One is entitled to $40,356.00 for therapy and related costs.

IT IS SO ORDERED.

Dated: March 30, 2018 /s/Gershwin A. Drain
GERSHWIN A. DRAIN
United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on March 30, 2018, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk